WILSON, Judge.
This is an action seeking damages for personal injuries allegedly sustained by the plaintiff as the result of a defective condition on premises controlled by the defendant. In addition to the negligence count, the plaintiff has alleged misrepresentation on the part of the Mohegan Sun Risk Management Department regarding how to proceed with a claim of negligence. It is undisputed that the injury occurred, and therefore the claim accrued, on March 21, 2000. In the notice of claim the plaintiff alleges not only negligence in causing the injury, but misrepresentation in that “employees of the risk management department were deceitful and made false statements.” The claim was filed on April 2, 2001, more than one year after the claim accrued.
On April 20, 2001, the defendant moved to dismiss the claim and complaint as time barred pursuant to See. 10 of the Mohegan Torts Code. Sec. 10 of the Mohegan Torts Code, Ordinance 98-1, and Sec. 11, require that claims must be filed within 180 days of the date on which they accrued.
The plaintiff responded to the defendant’s motion to dismiss by again alleging claims of misrepresentation by the defendant as to the procedures and time for filing claims.
Although the plaintiff phrases his objection to the motion to dismiss based on “negligent misrepresentation”, the court will consider this as raising the issue of whether the principles of equitable tolling or equitable estoppel as to the statute of limitations apply.
Because the statute of limitation is an affirmative defense, it is subject to equitable defenses such as estoppel. Thus, *454 the benefits of a limitation law may be lost by conduct invoking the established principles of estoppel ... The doctrine of estoppel springs from basic considerations of fairness, and comes into play if a defendant takes active steps to prevent a plaintiff from suing in time, such as falsely promising not to plead the statute of limitations. 51 Am.Jur,2d Limitation of Actions § 380
Equitable estoppel to assert the statute of limitations should be distinguished from equitable tolling, which extends the statute of limitations if the plaintiff did not have and could not with due diligence obtain the information necessary for bringing suit within the limitations period. The doctrine of “equitable es-toppel,” in contrast, focuses on the defendant’s conduct and pre-supposes that the plaintiff knew of the facts underlying the cause of action, but delayed filing suit because of the defendant’s conduct. Id. § 381
Connecticut recognizes these doctrines. Courts, applying equitable principles, have laid down the doctrine of equitable estoppel by which a defendant may be estopped by his conduct from asserting defenses such as the statute of limitations ... Estoppel rests on the misleading conduct of one party to the prejudice of the other ... In the absence of prejudice, estoppel does not exist ... There are two essential elements to an estop-pel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done. Morris v. Costa, 174 Conn. 592, 599, 392 A.2d 468 (1978) (citations and internal quotation marks omitted)
A hearing was held on the motion to dismiss on June 7, 2001. During that hearing it was not disputed that the claim was not filed within the required 180 day limit. The evidence at that hearing discloses that the plaintiff was represented by counsel at least as early as May 18, 2000. Counsel, who was not admitted to practice in the Mohegan Gaming Disputes Court, wrote to the legal department of the Mohegan Sun Casino on May 18, 2000, advising of the notice of a claim for the incident occurring on March 21, 2000. This was well within the 180 day period. Counsel also wrote follow-up letters on June 7, 2000, and September 7, 2000, all still within the 180 day period. The defendant responded to counsel on September 14, 2000, by denying the claim.
The plaintiff candidly testified at the hearing that nobody from the defendant or representatives of the defendant ever discussed the statute of limitations with him. In fact, to the contrary, he testified that his counsel told him that he had two years to file a claim. The evidence adduced at the hearing also revealed that on December 20, 2000, well beyond the 180 day period, plaintiffs counsel advised him that he had two years from the date of the incident or until March 21, 2002.
Based on the foregoing facts, the court finds that neither of the elements essential to an estoppel exists here. The defendant did not do or say something that was intended or calculated to induce the plaintiff to believe in the existence of certain facts and to act upon that belief. The plaintiff could not have been influenced by any action of the defendant and therefore could not have changed his position or done some act to his injury which he otherwise would not have done, the defendant not having done or said something that was misleading.
*455 The court thereby holds that the action is time barred and that the principles of equitable tolling or equitable estoppel have not been proven in this case. Accordingly, defendant’s motion to dismiss is hereby granted.